## Inter-Great Services, Inc. v. Pennsylvania Liquor Control Board

*Chester G. Schultz*, for appellants.
*David Sholet*, for Pennsylvania Liquor Control Board.
*Gerald E. Ruth*, for Retreat, Inc.

SPICER, *P.J.*, May 6, 1980—For the sake of simplicity in this opinion, we will refer to those

involved as follows: Pennsylvania Liquor Control Board: PLCB; The Retreat, Inc.: the Retreat; Robert J. Monahan, Jr., and Inter-Great Services, Inc.: appellants.

The PLCB issued a liquor license to the Retreat for premises on Carlisle Street in the Borough of Gettysburg. Gettysburg is considered a resort area and the quota restrictions do not apply. Appellants filed an appeal with this court and a hearing was scheduled.

Before the hearing was held, the Retreat filed a motion to dismiss the appeal on the basis that none of appellants fell within the class of persons entitled to take an appeal under the Liquor Code of April 12, 1951, P.L. 90, as amended, sec. 404, 47 P.S. §4-404. The court sustained the petition as to the Dobbin House (named in the caption but no longer involved in this particular proceeding) and dismissed it as to appellants. Following this action, a hearing was scheduled.

Before the hearing was held, the Retreat filed a petition to quash the appeals. It is the Retreat's position that this court no longer has jurisdiction to hear appeals from PLCB actions except under 47 P.S. §5-515. That section refers to winery licenses and is inapposite to the present appeal.

The Liquor Code, 47 P.S. §4-464, provides that appeals from the granting or refusal to grant a liquor license shall be taken to the court of the county "in which the premises applied for is located. . . ." The Judicial Code, 42 Pa.C.S.A. §763(a)(1), provides that the Commonwealth Court shall have exclusive jurisdiction to hear appeals from any ". . . Commonwealth agency having Statewide jurisdiction" unless excepted by the statute. The exceptions are listed in section 763(c)

which refers to section 933 for cases involving courts of common pleas.

Section 933 specifically exempts appeals under 47 P.S. §5-515. Appeals described in 47 P.S. §4-464 are not mentioned. The Judicial Code does not specifically repeal the provisions of section 4-464 and the question becomes whether provisions in that section relating to appeals are repealed by implication.

Counsel for the PLCB observed at argument, in which the PLCB did not participate, that appeals throughout the Commonwealth have been proceeding as before the Judicial Code. His opinion was that this was the proper court for this appeal, based upon this observation. However, the issue before us has apparently never been raised before and because of Pa.R.A.P. 741, what has been the procedure in other cases is not particularly significant. Rule 741 provides that if nobody objects and in the absence of a court order, jurisdiction is perfected "notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court."

This rule sets the time in which objections to jurisdiction may be made as the last day under the rules for the filing of the record in the court. Since appeals under 47 P.S. §4-464 are de novo, this time limit may not be precisely applicable. However, Rule 1931 sets the time as being 40 days. Appeals in this case were filed February 14, 1980, and February 26, 1980. The motion to quash because of lack of jurisdiction was filed March 28, 1980. The motion was timely as to the later appeal but tardy as to the earlier. However, since this issue was not raised, the cases having been consolidated for review and because of other provisions in Rule 741,

we will not base our decision on the time in which the motion was filed.

In reviewing the provisions of the Judicial Code and principles of statutory construction, this court concludes that the provisions of 47 P.S. §4-464 relating to appeals have been repealed by the provisions of 42 Pa.C.S.A. §763(a)(1).

When two statutes cover the same subject matter, they are to be read, if possible, so as to give effect to the provisions of both statutes: 1 Pa.C.S.A. §1933. This court cannot do this because it cannot reconcile the provision in the Judicial Code that the Commonwealth Court has exclusive jurisdiction with the provision in the Liquor Code that the courts of common pleas have jurisdiction.

Therefore, we proceed to the principle that a specific statute takes priority over a general statute except when the general statute was passed later and it is the manifest intention of the legislature that the general statute prevail: 1 Pa.C.S.A. §1933. Again, the emphasis is on the word "exclusive." The legislature would seem to have intended the Judicial Code provisions to prevail.

This conclusion is firmly established by the application of two other principles. The Judicial Code purports to establish a uniform and mandatory system covering appeals, and therefore, its general provisions would repeal preexisting special statutes: 1 Pa.C.S.A. §1971. Further, the exceptions to the exclusive jurisdiction include one provision in the Liquor Code but not others.

We throw a little Latin in at this point. Expressio unius est exclusio alterius. When the legislature expressly saves an appeal procedure and is silent as to others, it may be assumed it meant to repeal those not mentioned: 73 Am. Jur. 2d, Statutes §407.

Concluding that the Retreat is correct in its position does not mean that its motion must be granted. Au contraire. The proper action is to transfer the record to the Commonwealth Court: Rule of Appellate Procedure 751.

Thus, the attached order will be entered.

## ORDER

And now, May 6, 1980, pursuant to Rule of Appellate Procedure 751, the prothonotary is directed to transfer the record of this case to the Commonwealth Court.